UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X            21-cv-_____
NOVA MARINE CARRIERS SA

        Plaintiff,

v.

SIMS GROUP GLOBAL TRADE CORP.

        Defendant.

------------------------------------------------------------X

## COMPLAINT

Plaintiff, Nova Marine Carriers SA ("Nova Marine" or "Plaintiff") by and through its counsel, Tisdale and Nast Law Offices, LLC as and for its Complaint against Defendant Sims Group Global Trade Corp. ("Sims" or "Defendant") for damages, alleges upon information and belief as follows:

### PARTIES

1.    Plaintiff, Nova Marine, is a Switzerland based business entity with its principal place of business in Lugano, Switzerland.

2.    Defendant, Sims, is a Delaware corporation with its principal place of business in Iselin, New Jersey. Sims is registered to do business in New York.

### JURISDICTION

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties and the amount in controversy exceeding $75,000, exclusive of interest.

4.    This Court also has admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 since this matter concerns the breach of a charter party which is a maritime contract.

1

5. The Parties agreed at Clause 37 of the charter party that any and all disputes which the agreement does not refer to arbitration shall be resolved by an action in the U.S. District Court for the Southern District of New York to the admiralty jurisdiction of which court the parties submit themselves.

6. Clause 37 further provides that the charter party shall be deemed to have been made within the state of New York.

7. Venue lies in this district under 28 U.S.C. § 1391 based upon the agreement of the parties.

## **FACTS**

8. On or around March 5, 2021, Plaintiff, acting as disponent owner, and Defendant, acting as charterer, entered into a Charter Party Agreement, ("Charter Party") for the vessel "BULKER BEE 20" ("the Vessel").  A copy of the Charter Party is attached hereto as Exhibit 1.

9. The cargo to be loaded and as identified in the Charter Party was "iron and/or steel scrap excluding motor blocks and turning."  (Ex. 1, p. 1, lines 16-17).

10. The Defendant also issued a "Form for Cargo Information" identifying the cargo as "mixed scrap."  The cargo was also identified as "non hazadous[sic] except oxygen depletion in holds" and had an additional certification of "non radiation/explosive."  A copy of the Form for Cargo Information is attached hereto as Exhibit 2.

11. On or around March 31, 2021, during loading operations there was an explosion and a fire developed in hold no. 3 due to the presence of batteries, motors with oil, oily machinery parts and other flammable items.

12. Such cargo should not have been loaded and was not identified in the cargo to be loaded provision of the Charter Party or the Form for Cargo Information.

13. The Vessel's Classification Society, Port State Control, Fire brigade, and a rescue service station were required to intervene in order to bring the fire under control.

14. As a result of the fire, the Vessel did not complete loading cargo until April 2, 2021. It was scheduled to complete loading on or about March 31, 2021.

15. Thereafter, the Vessel was detained at the loading port as a consequence of the fire until April 11, 2021.

16. The delay resulted in detention charges in the amount of $202,687.50, a penalty of 5,000.00 GBP, and extra dockage costs of 10,186.00 GBP.

## **COUNT I: BREACH OF CHARTER PARTY**

17. Plaintiff realleges and incorporates herein paragraphs 1 through 16 above.

18. Defendant has breached the Charter Party by failing to load the proper cargo as identified in the Charter Party. The cargo loaded onto the Vessel was unauthorized.

19. The Charter Party identified "iron and/or steel scrap excluding motor blocks and turning" to be loaded onto the Vessel. (Ex. 1, p. 1, lines 16-17).

20. Defendant also issued a Form for Cargo Information, prior to loading, describing the cargo as non-hazardous, non-radiation and non-explosive. (Ex. 2).

21. Defendant loaded items, including but not limited to batteries, motors with oil, oily machinery parts, and other flammable items onboard the Vessel in breach of the Charter Party and contrary to the descriptions on the Form for Cargo Information.

22. The items in paragraph 21 do not fall under the acceptable definition of "iron and/or steel scrap."

23. As a direct result of Defendant's breach of the Charter Party, an explosion and a fire broke out on the Vessel, causing the Vessel to be significantly damaged.

24. Additionally, as a direct result of Defendant's breach of the Charter Party, the Vessel was delayed in loading and was further detained, causing additional damages.

25. To date, Defendant, despite due demand, had not paid the $223,515.67 in damages it has caused by its breach of the charter party.

## COUNT II: NEGLIGENT MISREPRESENTATION

26. Plaintiff realleges and incorporates herein paragraphs 1 through 16 above.

27. The Plaintiff and Defendant entered into a Charter Party which required the exchange of certain information to make informed decisions.

28. Defendant had a duty to the Plaintiff to inform it of, among other things, the type of cargo to be loaded onto the Vessel during the course of the Charter Party.

29. As per the Charter Party, Defendant falsely and negligently represented that the cargo to be loaded was "iron and/or steel scrap."

30. As per the Form for Cargo Information, Defendant falsely and negligently represented that the cargo was non-hazardous, non-radiation and non-explosive.  (Ex. 2).

31. Defendant knew or should have known the contents and type of cargo it was loading onto the Vessel it had chartered.

32. The Plaintiff, relying on Defendant's misdescription of the cargo as "iron and/or steel scrap," entered into the Charter Party with the Defendant.

33. Additionally, the Plaintiff relied on Defendant's misdescription and improper categorization of the cargo on the Form for Cargo Information in continuing to move forward with the Charter Party agreement.

34. As a direct result of Defendant's misrepresentations, the Vessel was damaged and was caused to be delayed and detained incurring significant damages that would not have otherwise been incurred if the proper cargo had been loaded.

35. The damages Plaintiff has suffered to date is $223,515.67, exclusive of interest and costs.

**WHEREFORE**, Plaintiff prays:

A. That the Court finds that the Defendant breached the terms of the Charter Party and award the Plaintiff damages in the amount of $223,515.67.

B. That the Court finds that the Defendant negligently misrepresented the type of cargo to be loaded and award the Plaintiff damages in the amount of $223,515.67.

C. That this Court award Plaintiff the reasonable attorneys' fees and costs incurred in this action and;

D. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: May 12, 2021
      New York, NY

/s/ Thomas L. Tisdale
Thomas L. Tisdale (TT5263)
Jamison Jedziniak (439092)
Tisdale & Nast Law Offices, LLC
10 Spruce Street
Southport, CT 06890
Tel: 203-254-8474
Fax: 203-254-1641
E-mail: *ttisdale@tisdale-law.com*